JUDGE KAPLAN

BENNO & ASSOCIATES P.C.
30 Wall Street, 8th Floor
New York, NY 10005
Tel.: (212) 227-9300

TUDOR LAW, P.C.
Tudor Capusan, Esq.
78-10 147 Street, 2D
Flushing, NY 11367
Tel.: (646) 355-3074

15 CV 2204

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

RECEIVED
MAR 24 2015
U.S.D.C. S.D.N.Y.

| | |
|---|---|
| SHIRLEY SHEPARD AND ANDREA SHEPARD,<br><br>Plaintiffs,<br><br>vs.<br><br>GETTY IMAGES (US), INC., GETTY IMAGES (SEATTLE), INC., AND AGENCE FRANCE PRESSE,<br><br>Defendants | Case No.:<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, by and through their undersigned attorneys, allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs Shirley Shepard and Andrea Shepard ("Shepards") bring this action against Getty Images (US), Inc., Getty Images (Seattle), Inc. (collectively the "Getty defendants"), and Agence France Presse ("AFP") ("collectively "Defendants") to recover damages resulting from copyright infringement and to enjoin future infringements. The Shepards are widely recognized as preeminent courtroom illustrators, and have created numerous courtroom drawings for over twenty years ("Shepard Drawings").

2. Defendants have reproduced, displayed, distributed and otherwise misused the Shepard Drawings, and licensed others to use the Shepard Drawings without authorization and without paying the Shepards the required commercial license fee.

3. Defendants have engaged in the unauthorized transmittal, display, and reproduction of several Shepard Drawings through electronic/internet media ("Infringing Images").

4. Such Infringing Images were made available for distribution and distributed through defendants' internet platforms to their subscribers, customers, and a la carte purchasers for, inter alia, editorial and commercial uses.

5. Without proper authorization, Defendants have reproduced, displayed, distributed, sold and/or licensed, and otherwise misused some or all Shepard Drawings in violation of the Shepards' exclusive rights under 17 U.S.C. §106.

6. Defendants knowingly and with intent to induce, enable, facilitate, or conceal infringement, embedded false watermarks and credit lines on the Infringing Images in violation of 17 U.S.C. §1202.

## PARTIES

7. Plaintiffs Shirley and Andrea Shepard are individuals domiciled in New York City. They are prominent courtroom sketch artists whose careers span over two decades. Their work captured almost every high-profile trial in New York and the Northeast. Shepard Drawings are highly praised for their exceptional quality and are highly sought after by media channels because they often are the only visual records of courtroom proceedings.

8. Defendant Agence France Presse is a French entity with offices at 11-13 Place de la Bourse, Paris France 75002, with its principal place of business in North America at 1015 15th

Street NW, Suite 500, Washington D.C. 20005 and a place of business at 747 Third Avenue, Floor 35, New York, NY 10017. AFP is an international wire service that provides text, photographs, videos, and graphics to customers worldwide.

9. Defendant Getty Images (US), Inc. ("Getty US") is a New York corporation engaged in the stock photo business with its principal executive office at 75 Varick St., 5th Floor, New York, NY 10013.

10. Getty Images (Seattle), Inc. ("Getty Seattle") is a Washington state corporation engaged in the stock photo business with its principal executive office at 605 5th Avenue S, Suite 400, Seattle, WA 89104.

11. Getty U.S. and Getty Seattle (collectively, "the Getty defendants") are suppliers of stock images with an approximate archive of 80 million still images and illustrations and more than 50 thousand hours of stock film footage.

12. The Getty defendants operate a large commercial website which allows clients to search, browse, download, embed, and purchase rights in images.

13. Getty has acquired many privately owned stock photography businesses and has aggressively sought to enforce copyrights in the images on its website.

**JURISDICTION AND VENUE**

14. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 et seq.).

15. This Court has subject matter jurisdiction under the Copyright Act 17 U.S.C. §101 et seq., federal question jurisdiction under 28 U.S.C. § 1331, and original jurisdiction under 28 U.S. §1338(a).

16. Defendants are subject to personal jurisdiction in this Court because they maintain offices in New York, New York and because they transact business in New York, New York.

17. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because Defendants transact business in this District, because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because the property that is the subject of this action is situated in this District.

**FACTUAL BACKROUND**

18. Plaintiffs attend courtroom proceedings and create original drawings that capture courtroom action. Plaintiffs always retain copyright ownership in their work.

19. Plaintiffs earn their living by entering into licensing agreements with various media outlets, whereby Plaintiffs provide those media outlets with courtroom drawings in return for compensation.

20. Since 1997, AFP has been a client of Plaintiffs, and Plaintiffs have entered into several licensing agreements with AFP.

21. The licensing agreements with AFP were non-exclusive, non-assignable, and usage was limited to one-day editorial use, and it was agreed upon and understood that the Shepard Drawings could not subsequently be sold, licensed, or sublicensed.

22. Plaintiffs never entered into agreements with AFP to transfer their copyright ownership in their drawings to AFP. Plaintiffs retained copyright ownership to all the drawings they provided to AFP.

23. Plaintiffs were never commissioned by AFP to make any drawings. Rather, Plaintiffs created their drawings, then AFP solicited Plaintiffs for licenses to those already-created drawings.

24. Plaintiffs at all times worked as independent contractors. They were never AFP employees or staff.

25. On or about July 19, 2012, Plaintiffs' former attorneys sent a demand letter to AFP's attorneys advising, inter alia, of AFP's obligation to preserve all records, data, and communications pertaining to the usage, sale, and distribution of any works belonging to Plaintiffs which AFP sold, licensed, used, or disseminated.

26. The Getty defendants operate a global digital media company. It produces and distributes royalty-free images, rights-managed images, celebrity photos, online music and video. It owns and operates www.gettyimages.com. The website allows the public to search content using keywords or a combination of predefined parameters. For image content, the website also allows the public to see previews of images in the form of thumbnails or full-sized images. Getty licenses its content for various uses and generates revenue from that content.

27. Plaintiffs never had any writing or agreement with the Getty defendants. Getty obtained some or all of the Shepard Drawings in AFP's possession. Internet searches have revealed that the Getty defendants have licensed the Infringing Images to various news media and others, and to date the Infringing Images continue to be displayed by third-party licensees on their internet websites.

28. Some or all Shepard Drawings that appeared on the Getty website contained the watermarks "gty.im" followed by the editorial image number, and "collection AFP." The caption below those Shepard Drawings reads "Photo credit should read SHIRLEY SHEPARD/AFP/Getty Images," and the credit line reads "AFP/Getty Images." The source of the photograph is identified as AFP. The copyright is attributed to AFP.

29. Upon information and belief, the Getty defendants' subscribers and a la carte purchasers and customers have not been notified of their infringing uses and requested to take down the Infringing Images.

30. Getty Images' End User License Agreement gives Getty Images the right to request that such users take down infringing images.

31. Upon information and belief, Getty has engaged in a pattern and practice of failing to use due diligence to confirm its copyrights in its collections, in failing to check the copyright status of the content it obtains/obtained from AFP, and has acted in continuing deliberate and/or reckless disregard of content creators' rights in these collections.

DAMAGES

32. Plaintiffs are entitled to recover from defendants the damages, including attorneys' fees, they have sustained and will sustain, and any gains, profits and advantages obtained by defendants as a result of their acts of infringement alleged above.

33. At present, the full amount of such damages, gains, profits and advantages cannot be fully ascertained by plaintiffs, but will be established according to proof at trial.

34. As a direct and proximate cause of the infringement, Plaintiffs have been and continue to be damaged in an amount to be determined at trial.

35. Defendants have garnered and/or will garner infringing profits in an amount presently unknown, which profits should be disgorged to Plaintiffs.

36. Plaintiffs have suffered and will continue to suffer substantial and irreparable damage to their business reputation and goodwill as a result of defendants' infringement.

37. Consequently, pursuant to §17 U.S.C. 504 and §17 U.S.C. 412, Plaintiffs are entitled to either actual damages and profits or statutory damages.

38. Plaintiffs are entitled to an award of any profits made by defendants from their wrongful acts pursuant to 17 U.S.C. § 504.

39. Plaintiffs have no adequate remedy at law to protect their rights in the Infringing Images and to prevent defendants from continuing to infringe the Infringing Images and to injure Plaintiffs. Plaintiffs have suffered and are continuing to suffer irreparable injury from defendants' conduct as alleged.

40. As a direct and proximate cause of the infringement, pursuant to §17 U.S.C. 502, Plaintiffs are also entitled to preliminary and permanent injunctive relief enjoining and restraining defendants from continuing infringement activities.

41. Additionally, pursuant to §17 U.S.C. 503, Plaintiffs are entitled to impounding and destruction of infringing copies or means of producing such copies.

**FIRST CLAIM AGAINST ALL DEFENDANTS**

**DIRECT COPYRIGHT INFRINGEMENT**

42. Plaintiffs incorporate herein by reference each and every allegation set forth above as though fully set forth herein.

43. The Shepard Drawings are copyrightable subject matter under 17 U.S.C. §102(a)(5).

44. Plaintiffs have always been the copyright owners of the Shepard Drawings.

45. Plaintiffs have never provided any Shepard Drawings to Getty.

46. Plaintiffs and Defendants never made any agreements regarding ownership or use of any Shepard Drawings.

47. Defendants never commissioned Plaintiffs to create any drawings.

48. Plaintiffs were never employed by Defendants.

49. Plaintiffs have complied in all respects with the provisions of the Copyright Act and all regulations thereunder.

50. Plaintiffs have exclusive rights under 17 U.S.C. §106 to reproduce, prepare derivative works based on the Shepard Drawings, distribute copies of the Shepard Drawings, and display the Shepard Drawings publically.

51. Without authority, permission, or consent of Plaintiffs, AFP reproduced some or all of the Shepard Drawings beyond the terms of the license.

52. Without any authority, permission, or consent of Plaintiffs, AFP distributed some or all of the Shepard Drawings beyond the terms of one-day license.

53. Without any authority, permission, or consent of Plaintiffs, AFP sold usage rights for some or all of the Shepard Drawings beyond the terms of the one-day license.

54. Without any authority, permission, or consent of Plaintiffs, the Getty defendants reproduced some or all of the Shepard Drawings for use on their website or otherwise.

55. Without any authority, permission, or consent of Plaintiffs, the Getty defendants displayed some or all of the Shepard Drawings on their website.

56. Without any authority, permission, or consent of Plaintiffs, the Getty defendants sold to the public usage rights for some or all of the Shepard Drawings.

57. Without any authority, permission, or consent of Plaintiffs, the Getty defendants created derivative works of some or all of the Shepard Drawings on the Getty defendants' website.

58. Without any authority, permission, or consent of Plaintiffs, the Getty defendants distributed some or all of the Shepard Drawings on the Getty defendants' website.

59. Plaintiffs are aware that around 160 Shepard Drawings have been reproduced, displayed, sold, or licensed on the Getty website.

60. Upon information and belief, Getty has reproduced, displayed, sold, or licensed all Shepard Drawings that Getty acquired from AFP.

61. Beginning at a time unknown and continuing to the present, defendants have engaged in repeated, unlawful acts and practices which have included extensive infringements of copyrights in the Shepard Drawings.

62. Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional with disregard and deliberate indifference to the rights of Plaintiffs.

63. Upon information and belief, all of the infringements occurred within three years of the filing of this complaint.

**SECOND CLAIM AGAINST ALL DEFENDANTS**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

64. Plaintiffs incorporate herein by reference each and every allegation contained above as though fully set forth herein.

65. AFP knew or had reason to know that Plaintiffs own the copyrights in the Shepard Drawings.

66. AFP knew or had reason to know that the Shepard Drawings were licensed to AFP only for one-day use.

67. Without permission or authority, AFP granted rights in the Shepard Drawings to Getty or other people or entities.

68. The recipients of the purported rights granted by AFP have reproduced, copied, displayed, distributed, or made derivatives of some or all Shepard Drawings.

69. Upon information and belief, AFP's customers have not been notified of their infringing uses and have not been requested to take down the Shepard Drawings.

70. Upon information and belief, AFP's customers are still using unauthorized copies of the Shepard Drawings.

71. AFP encouraged, assisted, induced, caused, and/or materially contributed to the infringement of the Shepard Drawings without Plaintiffs consent, permission, or authorization and in violation of the Copyright Act.

72. AFP's acts have been willful, intentional, purposeful, and with deliberate indifference to Plaintiffs' rights under the Copyright Act.

73. The Getty defendants knew or had reason to know that Plaintiffs owned and own the copyrights in the Shepard Drawings.

74. The Getty defendants knew or had reason to know that the Shepard Drawings were not lawfully licensed or sublicensed to them.

75. The Getty defendants knew or had reason to know that it did not have any rights in the Shepard Sketches.

76. Without permission or authority, the Getty defendants granted to the public rights it did not have in the Shepard Sketches.

77. Members of the public who obtained Shepard Drawings from the Getty defendants have reproduced, copied, displayed, distributed, or made derivatives of the unauthorized Shepard Drawings.

78. Upon information and belief, the Getty defendants' customers have not been notified of their infringing uses and have not been requested to take down the Shepard Drawings.

79. Upon information and belief, the Getty defendants' customers are still using unauthorized copies of the Shepard Drawings.

80. The Getty defendants encouraged, assisted, induced, caused, and/or materially contributed to the infringement of the Shepard Drawings by its users without Plaintiffs' consent, permission, or authorization and in violation of the Copyright Act. The Getty defendants' acts have been willful, intentional, purposeful, and with deliberate indifference to Plaintiffs' rights under the Copyright Act.

81. Defendants have promoted, facilitated, and enabled – and continue to promote, facilitate, and enable – third-party purchasers of the Infringing Images to copy, display, reproduce and distribute the Infringing Images by the same and license of the Infringing Images and by failing to exercise their contractual rights under their End User Licensing Agreements to inform third-party users of their infringing uses and to request that they cease and desist.

82. Third parties have in fact licensed various uses of the Infringing Images from defendants, and used, sold, and/or displayed such Infringing Images without Plaintiffs' authorization, thereby infringing Plaintiffs' copyrights.

83. Defendants are liable for the acts of infringement that resulted from others' use of the Infringing Images.

**THIRD CLAIM AGAINST ALL DEFENDANTS**

**VICARIOUS COPYRIGHT INFRINGEMENT**

84. Plaintiffs incorporate herein by reference each and every allegation set forth above as though fully set forth herein.

85. Defendants possessed authority and ability to grant or disable access to the Shepard Drawings.

86. Defendants possessed the authority and ability to limit access to the Shepard Drawings.

87. AFP possessed the authority and ability to disable the use of the Shepard Drawings by the Getty defendants or by other entities.

88. AFP possessed the authority and ability to inform the Getty defendants or other entities of their infringing activities.

89. AFP failed to exercise its authority and ability to grant, limit, disable access, or inform the Getty defendants or other entities of their infringing activities.

90. AFP derived a financial benefit from licensing the Shepard Drawings beyond the authorized one-day use license.

91. The Getty defendants possessed the authority and ability to disable the accounts of those users whose use of Getty images was infringing.

92. The Getty defendants possessed the authority and ability to inform its users of infringing activities.

93. The Getty defendants failed to exercise their authority and ability to grant, limit, disable access, or inform its users of their infringing activities.

94. The Getty defendants derived a financial benefit from its unauthorized use of some or all of the Shepard Drawings.

95. Defendants' conduct was intentional, willful, malicious, fraudulent and calculated to injure Plaintiffs.

**FOURTH CLAIM AGAINST ALL DEFENDANTS**

**FALSE COPYRIGHT MANAGEMENT INFORMATION**

96. Plaintiffs incorporate herein by reference each and every allegation set forth above as though fully set forth herein.

97. Some or all Shepard Sketches that appeared on the Getty defendants' website contained the watermarks "gty.im" followed by the editorial image number, and "collection AFP."

98. The caption below some or all the Shepard Sketches that appeared on the Getty website reads "Photo credit should read SHIRLEY SHEPARD/AFP/Getty Images," and the credit line reads "AFP/Getty Images." The source of the photograph is identified as AFP. The copyright is attributed to AFP.

99. In violation of 17 U.S.C. § 1202, defendants knowingly inserted false copyright management information when they placed the Shepard Drawings in their respective databases and websites.

100. Defendants knowingly, and with the intent to induce, enable, facilitate, or conceal infringement, provided and distributed the aforesaid false copyright management information to its users.

101. At no time did AFP or the Getty defendants own a copyright in any of the Shepard Drawings.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs ask this Court to enter judgment against Defendants and their subsidiaries, affiliates, agents, employees, and all persons acting in concert or participation with them, granting the following relief:

1. That the Court enter an Order, pursuant to 17 U.S.C. § 502, enjoining and restraining defendants, and any persons or entities controlled directly or indirectly by defendants, from engaging in the following conduct:

    a. Reproducing, distributing, displaying or making any other infringing uses of the Shepard Drawings;

    b. Making any uses of the Shepard Drawings and informing their licensees and subscribers that they cease and desist from the use of the Shepard Drawings;

    c. Assisting, aiding or abetting any other person or entity in engaging or performing any of the activities referred to in subparagraphs (a) and (b) above;

2. That the Court enter an Order, pursuant to 17 U.S.C. § 504(b), declaring that the defendants hold in trust, as constructive trustees for the benefit of Plaintiffs, all profits received by defendants from their infringing uses of the Shepard Drawings, and requiring defendants to provide Plaintiffs a full and complete accounting of all gross revenues received by defendants from their licensing of the Infringed Images;

3. That the Court enter an Order requiring the destruction of all copies of the Shepard Drawings made by or under the control of Defendants and all articles by which such copies may be reproduced under 17 U.S.C. §503;

4. An award of the actual damages suffered by Plaintiffs as the result of Defendants' infringement plus the profits of Defendants attributable to the infringement under 17 U.S.C. §504(b);
5. Alternatively, if Plaintiffs elect, an award of statutory damages for each infringement of Shepard Drawings under 17 U.S.C. §504;
6. A judgment that Defendants' infringement was willful and an increased statutory damages award under 17 U.S.C. §504(c)(2);
7. An award of Plaintiffs' full costs including attorney's fees under 17 U.S.C. § 505; and
8. For such and further relief as may be just and proper under the circumstances.

Dated this 24th day of March, 2015

Ameer Benno, Esq. [AB-1130]

BENNO & ASSOCIATES P.C.
30 Wall Street, 8th Floor
New York, NY 10005
Tel.: (212) 227-9300

TUDOR LAW, P.C.
Tudor Capusan, Esq.
78-10 147 Street, 2D
Flushing, NY 11367
Tel.: (646) 355-3074

Attorneys for Plaintiffs Shirley and Andrea Shepard